Slip Op. 11-94

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **SKF USA INC., SKF FRANCE S.A., SKF AEROSPACE FRANCE S.A.S., SKF INDUSTRIE S.P.A., SOMECAT S.P.A., SKF (U.K.) LIMITED, and SKF GMBH,** | |
| Plaintiffs, | |
| v. | **Before: Timothy C. Stanceu, Judge** |
| **UNITED STATES**, | |
| Defendant, | **Court No. 10-00284** |
| and | |
| **THE TIMKEN COMPANY**, | |
| Defendant-Intervenor. | |

## OPINION AND ORDER

[Denying defendant's motion to dismiss two of plaintiffs' four claims in action brought to contest final determination in review of an antidumping duty order on ball bearings and parts thereof]

Dated: August 2, 2011

*Steptoe & Johnson LLP* (*Alice A. Kipel*, *Herbert C. Shelley*, and *Laura R. Ardito*) for plaintiffs.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*L. Misha Preheim*); *Shana Hofstetter*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Stewart and Stewart* (*Geert M. De Prest*, *Lane S. Hurewitz*, *Terence P. Stewart*, and *William A. Fennell*) for defendant-intervenor.

Stanceu, Judge: Plaintiffs SKF USA Inc., SKF France S.A., SKF Aerospace France

S.A.S., SKF Industrie S.p.A., Somecat S.p.A., SKF GmbH, and SKF (U.K.) Limited

(collectively "SKF") contest the final determination ("Final Results") issued by the International

Trade Administration, United States Department of Commerce ("Commerce" or the

"Department"), in the twentieth administrative reviews of antidumping orders on imports of ball

bearings and parts thereof ("subject merchandise") from France, Germany, Italy, Japan, and the

United Kingdom for the period May 1, 2008 through April 30, 2009.  Compl. ¶¶ 13-35; *Ball*

*Bearings & Parts Thereof From France, Germany, Italy, Japan, & the United Kingdom: Final*

*Results of Antidumping Duty Admin. Reviews, Final Results of Changed-Circumstances Review,*

*& Revocation of an Order in Part*, 75 Fed. Reg. 53,661 (Sept. 1, 2010) ("*Final Results*").  Of the

four claims plaintiffs bring in this action, defendant moves to dismiss two: plaintiffs' challenge

to the application of the Department's policy, rule, or practice of issuing liquidation instructions

to United States Customs and Border Protection ("Customs" or "CBP") fifteen days after the

date on which the Final Results were published ("15-day rule"), and plaintiffs' challenge to the

Department's use of the "zeroing"[1] methodology in the reviews.  Def.'s Mot. to Dismiss

("Def.'s Mot.").

---

[1] To calculate a weighted-average dumping margin in an administrative review, the
International Trade Administration, United States Department of Commerce ("Commerce") first
determines two values for each entry of subject merchandise falling within the period of review:
the normal value and the export price ("EP") (or the constructed export price ("CEP") if the EP
cannot be determined).  Tariff Act of 1930, § 751, 19 U.S.C. § 1675(a)(2)(A)(i) (2006).
Commerce then determines a margin for each entry by taking the amount by which the normal
value exceeds the EP or CEP.  *Id.* §§ 1675(a)(2)(A)(ii), 1677(35)(A).  If normal value is less
than EP or CEP, Commerce assigns a value of zero, not a negative value, to the entry.  Finally,
Commerce aggregates these values to calculate a weighted-average dumping margin.  *Id.*
§ 1677(35)(B).

Defendant advocates dismissal of plaintiffs' 15-day-rule claim under USCIT

Rule 12(b)(1) for lack of standing, on the ground that plaintiffs incurred no injury in fact, having

obtained an injunction against liquidation that has prevented liquidation of any of the entries at

issue in this case. *Id.* at 5-8.  Defendant seeks dismissal under USCIT Rule 12(b)(5) of

plaintiffs' claim challenging zeroing, arguing that relief on this claim is foreclosed by binding

precedent established by the United States Court of Appeals for the Federal Circuit ("Court of

Appeals"). *Id.* at 3-5.

The court concludes that plaintiffs have standing to bring their claim challenging the

application of the 15-day rule, having alleged concrete injury from an agency action that is

capable of repetition yet evading review.  On the zeroing claim, the court concludes, based on

the holdings in two recent Court of Appeals decisions, that plaintiffs have stated a plausible

claim for relief that should not be dismissed for failure to state a claim on which relief can be

granted.  Therefore, the court denies defendant's motion.

## I. BACKGROUND

Commerce initiated the administrative reviews on June 24, 2009.  *Initiation of*

*Antidumping & Countervailing Duty Admin. Reviews & Requests for Revocation in Part*, 74 Fed.

Reg. 30,052 (June 24, 2009).  On April 28, 2010, Commerce published its preliminary

determination.  *Ball Bearings & Parts Thereof From France, Germany, Italy, Japan, & the*

*United Kingdom: Prelim. Results of Antidumping Duty Admin. Reviews, Prelim. Results of*

*Changed-Circumstances Review, Rescission of Antidumping Duty Admin. Reviews in Part, &*

*Intent To Revoke Order In Part*, 75 Fed. Reg. 22,384 (Apr. 28, 2010).  On September 1, 2010,

Commerce issued the Final Results of the reviews, stating in the Federal Register notice that

"[we] intend to issue liquidation instructions to CBP 15 days after publication of these final

results of reviews." *Final Results*, 75 Fed. Reg. at 53,663.

On September 15, 2010, fourteen days after Commerce published the Final Results,

plaintiffs filed their summons, their complaint, and a consent motion for an injunction against

liquidation of entries of their subject merchandise, which motion the court granted on

September 21, 2010.  Summons; Compl.; Order (Sept. 21, 2010), ECF No. 13.  No entries were

liquidated.  Pls.' Opp'n to Def.'s Mot. to Dismiss 4-5 ("Pls.' Opp'n").

Defendant filed the instant motion to dismiss on November 19, 2010.  Def.'s Mot.

Plaintiffs filed their response to this motion on January 7, 2011, Pls.' Opp'n, and defendant

replied on January 26, 2011, Def.'s Reply in Supp. of Mot. to Dismiss ("Def.'s Reply").  On

April 5, 2011, plaintiffs filed a letter directing the court's attention to the decision of the Court of

Appeals in *Dongbu Steel Co. v. United States*, 635 F.3d 1363 (Fed. Cir. 2011), which, plaintiffs

stated, "pertains to the issues before the Court regarding the government's pending motion to

dismiss the zeroing count in SKF's complaint in this action."  *Letter from Plaintiffs to the Court*

(Apr. 5, 2011), ECF No. 47.

## II. DISCUSSION

### A.  Plaintiffs Have Standing to Bring Their 15-Day-Rule Claim

In ruling on a motion to dismiss, the court, as a general matter, assumes all uncontested

factual allegations in the complaint to be true but may look beyond the pleadings to resolve any

disputes as to jurisdictional facts.  *See Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84

(Fed. Cir. 1993).  Here, defendant argues that the Department's application of the 15-day rule

did not cause plaintiffs any harm that constitutes an "injury in fact" under Article III of the

United States Constitution and the Administrative Procedure Act ("APA").  Def.'s Mot. 5.

Defendant maintains that SKF "asserts only hypothetical harm" and that "[as] SKF must

concede, no entries were actually liquidated; therefore, Commerce's instructions to Customs did

not harm SKF in any way."  *Id.* at 5-6.

Under defendant's apparent view of the standing issue this case presents, a plaintiff may

challenge the 15-day rule only if it incurs the harm of liquidation of entries of its subject

merchandise.  The court does not agree.  Liquidation, which would moot any claim for relief on

the assessment rate applied to those entries, undoubtedly is a form of harm, and a severe one at

that.  But it does not logically follow that no other form of injury could suffice.  A plaintiff's

hurried compliance with the need to file a summons, complaint, motion for preliminary

injunction (and an application for a temporary restraining order ("TRO") should it appear that

consent to a preliminary injunction may not be obtained), all within fifteen days following

publication of the final results of an administrative review, is *per se* a compliance burden that a

litigant would not experience absent the 15-day rule.  That SKF successfully met the burden, and

thus avoided the most severe form of harm, does not mean SKF experienced no injury in fact

from the 15-day rule.  In sum, defendant views the effort of complying with the 15-day rule as a

matter of no significance.  The court rejects defendant's overly narrow conception of the

standing requirement, which, by requiring liquidation of entries before standing could be

obtained, as a practical matter would place the 15-day rule beyond judicial review.

Defendant argues, further, that the harm allegedly incurred by SKF is "entirely

speculative" and not sufficiently supported by record evidence, objecting that "SKF proffers no

evidence that it suffered any harm from filing its summons and complaint when it did."  *Id.* at 6.

The uncontested facts, as revealed by the pleadings and the docket in this case, require the court

to reject this argument.  Plaintiffs allege that the 15-day rule unlawfully caused them to incur

"unnecessary costs and burdens" in having to file their summons, complaint, and injunction

motion "within an arbitrarily truncated 15 day time period."  Compl. ¶ 16.  They submit that had

they failed to obtain the injunction and had Customs liquidated entries of their subject

merchandise, they would have lost their right to obtain judicial review of the assessment rate for

those entries.  *Id.* ¶¶ 15-16.  There can be no dispute that plaintiffs filed a summons, complaint,

and motion for preliminary injunction against liquidation, all within the fifteen-day period

following the publication of the Final Results.  The pleadings and docket entries identify

expedited actions taken as a consequence of the 15-day rule and belie any finding that the

burdens plaintiffs incurred in satisfying the 15-day rule are merely "speculative."  These

burdens, therefore, suffice as an injury in fact for purposes of Article III and the APA.  *See*

5 U.S.C. § 702 (2006).

Defendant also argues that SKF's claim is "non-justiciable because Commerce never

issued any liquidation instructions regarding SKF's entries."  Def.'s Mot. 6 (citing *Ashwander v.*

*Tenn. Valley Auth.*, 297 U.S. 288, 324 (1936)).  This argument, which appears to be defendant's

"injury in fact" argument in another guise, misconstrues the true nature of SKF's claim.  SKF is

not challenging the Department's issuance of liquidation instructions, which could have resulted

in the liquidation of entries of SKF's subject merchandise.  Instead, SKF is challenging the

Department's 15-day rule and, specifically, the application of that rule in implementing the Final

Results.

Finally, defendant takes issue with the court's rulings in prior cases that a challenge to

the 15-day rule is not moot in circumstances such as those present here.[2]  Def.'s Mot. 7.  This

case is not moot because the established exception for unlawful activity capable of repetition but

evading review, *see, e.g.*, *Torrington Co. v. United States*, 44 F.3d 1572, 1577 (Fed. Cir. 1995),

applies on the facts of this case.  *See SKF USA Inc. v. United States*, 33 CIT __, __, 675 F. Supp.

2d 1264, 1280-85 (2009); *SKF USA Inc. v. United States*, 33 CIT __, __, 611 F. Supp. 2d 1351,

1363-65 (2009); *SKF USA Inc. v. United States*, 34 CIT __, __, Slip Op. 10-57, at 6-8 (May 17,

2010).  SKF's challenge would evade judicial review absent the established exception.  The

compliance costs a party incurs in challenging the application of the 15-day rule in a single

review cannot be redressed after the fact because monetary damages to recover those costs are

not available against the United States.  The consequences of the 15-day rule for plaintiffs are

"capable of repetition" because Commerce continues to apply the rule in each administrative

review and because SKF routinely participates in administrative reviews of ball bearing orders.

Import Administration, U.S. Department of Commerce, "Announcement Concerning Issuance of

Liquidation Instructions Reflecting Results of Administrative Reviews," (Nov. 9, 2010)*,

available at* http://ia.ita.doc.gov/download/liquidation-announcement-20101109.html.  The court

takes judicial notice of the Department's many published decisions demonstrating that SKF,

---

[2] Defendant characterizes its argument as pertaining to whether plaintiffs have standing, but the exception for actions "capable of repetition yet evading review" applies to mootness.  *See* 13C Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 3533.8, at 376 (3d ed. 2008)

through its various companies, routinely participates in administrative reviews and is thus likely

to be affected by the Department's continued invoking of the 15-day rule.[3]

Defendant argues that "the capable of repetition yet evading review exception to standing

does not apply here because SKF has the ability to obtain injunctive relief to prevent any harm

from occurring . . . and, indeed, acted in this case to prevent any harm . . . ."  Def.'s Reply 3-4

(citing *Minnesota Humane Society v. Clark*, 184 F.3d 795 (8th Cir. 1999)).  This argument relies

on defendant's incorrect premise that plaintiffs suffered no injury in fact because entries of their

subject merchandise were not liquidated.  The 15-day rule causes recurring injury in fact by

repeatedly forcing plaintiffs to file the summons, complaint, and motion for a preliminary

injunction within fifteen days of publication of the Final Results.  This injury in fact cannot be

avoided by enjoining liquidation.

Defendant also appears to argue that judicial review is not available because plaintiffs

could, in future reviews, seek an injunction or TRO that would prevent Commerce from issuing

liquidation instructions fifteen days after publishing final results.  Def.'s Mot. 7 ("SKF's

challenge would only evade review as a result of SKF's own conduct.  That is, SKF has 15 days

to obtain an injunction and any failure to do so would be the result of its own inaction.").  But

such an injunction or TRO would not be followed by judicial review that reaches the merits of a

challenge to the 15-day rule.  Although SKF possibly could succeed in obtaining a preliminary

injunction or TRO that would prevent Commerce from issuing liquidation instructions against

---

[3] The antidumping order pertaining to exports from the United Kingdom has been revoked. *Ball Bearings & Parts Thereof From Japan & the United Kingdom: Revocation of Antidumping Duty Orders*, 76 Fed. Reg. 41,761 (July 15, 2011).  SKF's merchandise is likely to remain subject to orders pertaining to ball bearings and parts thereof from France, Germany, and Italy.

SKF for a period of fifteen days or more after publication of final results, the issue of whether

the 15-day rule lawfully could be applied would become moot as to the particular review

involved once fifteen days had passed, and, therefore, the Court of International Trade would not

reach the merits of the claim as applied to that review.

Defendant cites *Minnesota Humane Society v. Clark* in arguing that the exception for

unlawful activity capable of repetition yet evading review should not apply, but that case

involved different circumstances and is not informative on the issue presented here. *Minnesota*

*Humane Society* held that the challenged action, a state plan to "round up 7,000 geese and kill up

to 2,500 of them," did not evade review because plaintiffs potentially could have prevented the

state from carrying out the plan, and thus preserved their right to judicial review, by seeking an

injunction pending appeal after the district court denied a motion for a preliminary injunction.

*Minnesota Humane Society*, 184 F.3d at 797.

Finally, defendant argues that any decision by the court on the 15-day-rule claim would

be an advisory opinion because a declaratory judgment, standing alone, would not prevent the

Department's applying the 15-day rule in subsequent reviews. Def.'s Reply 4-5. But, as the

court previously has determined in ruling on similar arguments, it may not be assumed that SKF

will be entitled only to declaratory relief or that, if declaratory relief is granted, SKF will be

unable to obtain any remedy based on that relief. *See SKF USA Inc.*, 34 CIT at __, Slip Op.

10-57, at 7-8.

The court concludes that plaintiffs' 15-day-rule claim satisfies Article III and APA

standing requirements and, therefore, that dismissal for lack of jurisdiction is not warranted.

### B.  Plaintiffs' Zeroing Claim May Not Be Dismissed for Failure to State a Claim on Which Relief Can Be Granted

Plaintiffs allege that "Commerce failed to demonstrate that use of the zeroing methodology is a reasonable interpretation of the statute."  Compl. ¶¶ 33-34.  Defendant argues that this claim must be dismissed because "[t]he Federal Circuit has repeatedly sustained Commerce's zeroing methodology, and therefore, SKF's claim against Commerce's methodology is foreclosed by well-established and binding precedent."  Def.'s Mot. 3.  The court does not agree that binding precedent compels the dismissal of plaintiffs' zeroing claim, concluding instead that it is proper for the court to adjudicate this claim on the administrative record.

In deciding a USCIT Rule 12(b)(5) motion to dismiss for failure to state a claim on which relief can be granted, the court assumes all factual allegations to be true and draws all reasonable inferences in a plaintiff's favor.  *See Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991).  As required by USCIT Rule 8(a)(2), a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  USCIT Rule 8(a)(2).  Rule 8(a)(2) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Although a complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ."  *Id.* (citations omitted).

Although the Court of Appeals previously had upheld the Department's use of zeroing in administrative reviews, *see, e.g.*, *SKF USA Inc. v. United States*, 630 F.3d 1365, 1375 (Fed. Cir.

2011); *Koyo Seiko Co. v. United States*, 551 F.3d 1286, 1290-91 (Fed. Cir. 2008), in two more

recent cases the Court of Appeals has held that the final results of administrative reviews in

which zeroing was used must be remanded so that Commerce may explain its interpreting the

language of section 771 of the Tariff Act of 1930, 19 U.S.C. § 1677(35), inconsistently with

respect to the use of zeroing in investigations and the use of zeroing in administrative reviews.

*JTEKT Corp. v. United States*, 642 F.3d 1378, 1383-85 (Fed. Cir. 2011); *Dongbu*, 635 F.3d

at 1371-73.  Basing its holdings on the lack of a satisfactory explanation for the differing

statutory interpretations, the Court of Appeals in *JTEKT Corp.* and *Dongbu* held that the

judgments of the Court of International Trade affirming the use of zeroing in the administrative

reviews at issue in those cases must be set aside.  In *Dongbu*, the Court of Appeals reasoned that

"[a]lthough 19 U.S.C. § 1677(35) is ambiguous with respect to zeroing and Commerce plays an

important role in resolving this gap in the statute, Commerce's discretion is not absolute" and

concluded that "Commerce must provide an explanation for why the statutory language supports

its inconsistent interpretation."  *Dongbu*, 635 F.3d at 1372.  In *JTEKT Corp.*, the Court of

Appeals directed that "[i]n order to satisfy the requirement set out in *Dongbu*, Commerce must

explain why these (or other) differences between the two phases [administrative reviews and

investigations] make it reasonable to continue zeroing in one phase, but not the other."  *JTEKT*

*Corp.*, 642 F.3d at 1385.

        The court concludes that plaintiffs' allegations "raise a right to relief above the

speculative level."  *Twombly*, 550 U.S. at 555.  The Court of Appeals reasoned that the

Department's use of zeroing in administrative reviews may be unlawful if it rests on an

inconsistent interpretation of 19 U.S.C. § 1677(35) and is not supported by an adequate

explanation.  *See JTEKT Corp.*, 642 F.3d at 1384; *Dongbu*, 635 F.3d at 1371-73; *NSK Ltd. v. United States*, 35 CIT __, Slip Op. 11-76 (July 5, 2011) (denying motion to dismiss, for failure to state a claim on which relief can be granted, a complaint challenging only the Department's use of the zeroing methodology).  The cases prior to *Dongbu* and *JTEKT Corp.* in which the Court of Appeals upheld zeroing did not confront the statutory construction issue that this case presents.

In a reply filed prior to the decisions in *Dongbu* and *JTEKT Corp.*, defendant argued that because the Court of Appeals had already determined it permissible for Commerce to use zeroing in administrative reviews but not in investigations, any subsequent decisions holding to the contrary would not be binding unless made by the Court of Appeals *en banc*.  Def.'s Reply 7 (citing *SKF USA*, 630 F.3d 1365; *Corus Staal BV v. United States*, 502 F.3d 1370 (Fed. Cir. 2007)).  However, the Court of Appeals clarified in *Dongbu* that it was not acting contrary to its prior precedents in setting aside the judgment affirming zeroing and in holding that a remand was required.  The Court of Appeals stated in *Dongbu* that it had "never considered the reasonableness of interpreting 19 U.S.C. § 1677(35) in different ways depending on whether the proceeding is an investigation or an administrative review."  *Dongbu*, 635 F.3d at 1370.  *SKF USA*, decided prior to *Dongbu*, did not reach the issue of whether the Department's using zeroing in administrative reviews but not investigations could be based on a permissible interpretation of 19 U.S.C. § 1677(35).  *SKF USA*, 630 F.3d at 1375.  Finally, in its opinion in *JTEKT Corp.*, the Court of Appeals considered itself bound by its prior holding in *Dongbu*, stating therein that "*Dongbu* requires us to vacate and remand."  *JTEKT Corp.*, 642 F.3d at 1384.

**Court No. 10-00284**                                                                      **Page 13**

     Based on the conclusions its draws from recent decisions of the Court of Appeals on

zeroing, the court determines that dismissal of plaintiffs' claim challenging the zeroing

methodology would not be appropriate.

### III.  CONCLUSION AND ORDER

     After considering the arguments of the parties and all submissions herein, and after due

deliberation, it is hereby

     **ORDERED** that Defendant's Motion to Dismiss be, and hereby is, DENIED; and it is
further

     **ORDERED** that the parties shall confer and present to the court a proposed briefing
schedule within seven (7) days from the date of this Opinion and Order.


        /s/ Timothy C. Stanceu
       Timothy C. Stanceu
       Judge

Dated: August 2, 2011
      New York, New York