## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **SKF USA INC., SKF FRANCE S.A., SKF AEROSPACE FRANCE S.A.S., SKF INDUSTRIE S.P.A., SOMECAT S.P.A., SKF (U.K.) LIMITED, and SKF GMBH**, Plaintiffs, v. **UNITED STATES**, Defendant, and **THE TIMKEN COMPANY**, Defendant-Intervenor. | **Before: Timothy C. Stanceu, Judge** **Court No. 10-00284** |

### OPINION AND ORDER

[Granting motion for stay of proceedings pending appeal in *Union Steel v. United States*, CAFC Court No. 2012-1248]

Dated: June 4, 2012

*Alice A. Kipel*, *Herbert C. Shelley*, and *Laura R. Ardito*, Steptoe & Johnson LLP, of Washington, DC, for plaintiffs.

*L. Misha Preheim*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.  With him on the briefs were *Stuart F. Delery*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director and *Claudia Burke*, Assistant Director.  Of counsel on the briefs was *Shana Hofstetter*, Office of the Chief Counsel for Import Administration, Department of Commerce.

*Geert M. De Prest*, *Lane S. Hurewitz*, *Terence P. Stewart*, and *William A. Fennell*, Stewart and Stewart, of Washington, DC, for defendant-intervenor.

Stanceu, Judge: Plaintiffs SKF USA Inc., SKF France S.A., SKF Aerospace France

S.A.S., SKF Industrie S.p.A., Somecat S.p.A., SKF (U.K.) Limited, and SKF GmbH

(collectively, "SKF") contest an antidumping determination of the International Trade

Administration, U.S. Department of Commerce ("Commerce" or the "Department").

Specifically, they challenge certain aspects of the final determination that Commerce issued to

conclude the twentieth administrative reviews of antidumping orders on imports of ball bearings

and parts thereof (the "subject merchandise") from France, Germany, Italy, Japan, and the United

Kingdom for the period May 1, 2008 through April 30, 2009.  *Ball Bearings & Parts Thereof*

*From France, Germany, Italy, Japan, & the United Kingdom: Final Results of Antidumping Duty*

*Admin. Reviews, Final Results of Changed-Circumstances Review, & Revocation of an Order in*

*Part*, 75 Fed. Reg. 53,661 (Sept. 1, 2010) ("*Final Results*").  Plaintiffs challenge, *inter alia*, the

Department's use of "zeroing" in the reviews.[1] Compl. ¶¶ 33-34 (Feb. 1, 2011), ECF No. 66.[2]

They claim that "Commerce erred by setting to zero, all 'negative margins,' prior to calculating

the weighted-average margins for SKF" and that Commerce "failed to demonstrate that [this] is a

reasonable interpretation of the statute." *Id*. ¶ 33.  Plaintiffs also allege that the Department erred

"by not interpreting the U.S. statute in a manner consistent with U.S. international obligations

under the World Trade Organization ('WTO') Antidumping Agreement." *Id*.

        Before the court is plaintiffs' motion to stay this case pending the final disposition of

*Union Steel v. United States*, 36 CIT __, Slip Op. 12-24 (Feb. 27, 2012) ("*Union Steel*").  Mot. to

Stay Proceedings (Mar. 22, 2012), ECF No. 61 ("Mot. to Stay").  *Union Steel* involves the

---

        [1] As defined by the Court of Appeals for the Federal Circuit in *JTEKT Corp. v. United States*, 642 F.3d 1378 (Fed. Cir. 2011) and in a previous decision, *Dongbu Steel Co. Ltd. v. United States*, 635 F.3d 1363 (Fed. Cir. 2011), "zeroing is the practice whereby the values of positive dumping margins are used in calculating the overall margin, but negative dumping margins are included in the sum of margins as zeroes." *JTEKT Corp.*, 642 F.3d. at 1383-85 (citing *Dongbu*, 635 F.3d at 1366).

        [2] Plaintiffs also challenge the policy of the U.S. Department of Commerce ("Commerce" or the "Department") of issuing liquidating instructions 15 days after the publication of the notice of final results.  Compl. ¶¶ 14-18 (Feb. 1, 2011), ECF No. 66.

question of the legality of the Department's zeroing methodology as applied to an administrative

review of an antidumping duty order.  *Union Steel*, 36 CIT __, __, Slip Op. 12-24, at 2.  The

judgment entered by the Court of International Trade in that case is now on appeal before the

United States Court of Appeals for the Federal Circuit ("Court of Appeals").[3]  Defendant United

States and defendant-intervenor the Timken Company ("Timken") oppose the proposed stay.

Def.'s Opp'n to Pls.' Mot. to Stay (Mar. 29, 2012), ECF No. 62 ("Def.'s Opp'n"); The Timken

Co.'s Resp. in Opp'n to SKF's Mot. to Stay Proceedings (Mar. 29, 2012), ECF No. 63

("Def-intervenor's Opp'n").

     For the reasons discussed herein, the court will grant the motion to stay.  In summary, the

pending litigation in the Court of Appeals is likely to affect the disposition of plaintiffs' claim

challenging the Department's zeroing practice.  Although the case at bar concerns a different

antidumping duty order and administrative review than are involved in *Union Steel*, both cases

raise the same general issue, *i.e.*, whether the Department's application of the zeroing

methodology in an administrative review of an antidumping duty order is permissible under the

antidumping law.  A stay, therefore, will serve the interest of judicial economy and conserve the

resources of the parties.  Moreover, defendant and defendant-intervenor have failed to show, or

even allege, that the proposed stay would cause harm.

     "[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  The

decision when and how to stay a proceeding rests "within the sound discretion of the trial court."

---

[3] The United States filed a Notice of Appeal of the judgment in *Union Steel* on
March 6, 2011.  ECF No. 79 (Consol Ct. No. 11-00083).  The appeal has been docketed as *Union
Steel v. United States*, CAFC Court No. 2012-1248.

*Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted).  In making this decision, the court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 257.

Defendant and defendant-intervenor argue that a stay is not warranted because the zeroing issues in this case do not match and will not be resolved by *Union Steel*.  Def's Opp'n 3; Def-intervenors' Opp'n 3-4.  They characterize the pending issue related to zeroing as a question of whether the plaintiffs exhausted their administrative remedies before the agency, not whether Commerce's interpretation of the statute is reasonable.  *Id*.  The record reveals that SKF raised an issue pertaining to zeroing in its case brief before the Department.  SKF General Issues Case Brief, A-100-001, at 8-20 (Jun. 3, 2010) (Admin R. Doc. No. 26) (asserting that "[i]n the Preliminary Results, Commerce acted contrary to law in employing the methodology known as 'zeroing.'").  Defendant and defendant-intervenor argue that SKF, in challenging zeroing before the agency, did not raise the statutory construction issue that is before the Court of Appeals, which defendant submits is the "conflict in Commerce's interpretations of 19 U.S.C. § 1677(35) in the contexts of administrative reviews and investigations."  Def.'s Opp'n to Pls.' Mot. for J. upon the Agency R. 15 (Dec. 6, 2011), ECF No. 54.  *See also* Resp. Br. of the Timken Co. Opposing the R. 56 Mot. of SKF USA, Inc. et al. 6 (Dec. 6, 2011), ECF No. 55 (stating that "[i]n [the case] brief, SKF did not argue that Commerce should explain the difference between its interpretation of the statute in investigations (modified in response to adverse WTO decisions) and its interpretation of the statute in reviews.").  Defendant-intervenor submits that "the Court could thus dispose of SKF's zeroing argument without addressing the need for additional explanations."  Def-intervenors' Opp'n 4.

The Court of International Trade "shall, where appropriate, require the exhaustion of

administrative remedies." 28 U.S.C. § 2637(d) (2006).  The Court of International Trade has

discretion with respect to whether to require exhaustion.  *See Corus Staal BV v. United States*,

502 F.3d 1370, 1381 (Fed. Cir.2007) (stating that "applying exhaustion principles in trade cases

is subject to the discretion of the judge of the Court of International Trade").  The exhaustion

requirement has several recognized exceptions.  *See Gerber Food (Yunnan) Co. v. United States*,

33 CIT ___, ___, 601 F. Supp. 2d 1370, 1377 (2009) (indicating situations where waiver of the

exhaustion requirement has been recognized as appropriate).  The court does not consider it a

prudent use of the parties' and its own resources to decide, at this time, the exhaustion issues

raised by the defendant and defendant-intervenor.  It is possible that the outcome of the *Union

Steel* litigation will make it unnecessary to reach those issues.  Therefore, the court does not

consider the exhaustion issues presented by this case to be a sufficient ground upon which to

deny the pending motion to stay.

        Although acknowledging that ordering a stay is a matter for the court's exercise of

discretion, Def.'s Opp'n 2, defendant also argues that SKF fails to "satisf[y] its burden to show

that it will suffer clear hardship by proceeding with the litigation."  *Id*.  According to defendant,

"SKF shifts the legal standard by suggesting that a stay would not harm the defendant or

defendant-intervenor."  *Id*. at 3.  Defendant submits that it is the movant who must show that "it

will suffer hardship–economic harm, legal prejudice or inequity–by proceeding with litigation."

*Id*.  Defendant misconstrues the applicable standard.  A party moving for a stay "must make out a

clear case of hardship or inequity in being required to go forward, if there is even a fair

possibility that the stay for which he prays *will work damage to some one else*," *Landis*, 299 U.S.

at 255 (emphasis added).  The court fails to see what harm would accrue to defendant should the

stay be ordered.  In opposing the motion, defendant fails to identify any such harm.  *See* Def.'s

Opp'n 4-5.  Nor does the court see any prospect that defendant-intervenor would be harmed by

the proposed stay.

Finally, defendant argues that a stay is inappropriate because this case involves a second

issue, plaintiffs' challenge to Commerce's 15-day liquidation policy, on which the court is

briefed and the outcome of which is "not dependent on . . . *Union Steel.*"  Def.'s Opp'n 4.

Defendant, however, fails to identify any particular harm that will result to it from a delay in the

court's adjudication of this claim.

In conclusion, the stay sought by plaintiffs will serve the interests of judicial economy

and conservation of the parties' resources.  No showing of harm resulting from the proposed stay

has been made by defendant or defendant-intervenor.  The court, therefore, will grant the pending

motion.

## <u>ORDER</u>

Upon consideration of the Motion to Stay Proceedings ("Motion to Stay"), as filed
March 22, 2012 by SKF USA Inc., SKF France S.A., SKF Aerospace France S.A.S., SKF
Industrie S.p.A., Somecat S.p.A., SKF GmbH, and SKF (U.K.) Limited (collectively, "SKF"),
the motions in opposition filed by the United States and defendant-intervenor The Timken
Company ("Timken"), and all other papers and proceedings herein, and upon due deliberation, it
is hereby

**ORDERED** that the Motion to Stay be, and hereby is, GRANTED; and it is further

**ORDERED** that this case be, and hereby is, stayed until 30 days after the final resolution
of all appellate review proceedings in *Union Steel v. United States*, CAFC Court No. 2012-1248.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: June 4, 2012
New York, New York