Slip Op. 13-131

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **SKF USA INC., SKF FRANCE S.A., SKF AEROSPACE FRANCE S.A.S., SKF INDUSTRIE S.P.A., SOMECAT S.P.A., SKF GMBH, and SKF (U.K.) LIMITED,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES**,<br><br>Defendant,<br><br>and<br><br>**THE TIMKEN COMPANY**,<br><br>Defendant-intervenor. | Before: Timothy C. Stanceu, Judge<br><br>Court No. 10-00284 |

## OPINION

[Affirming the Department's use of zeroing in the final results of the twentieth administrative reviews of antidumping duty orders on ball bearings and parts thereof and declaring unlawful the Department's policy, rule, or practice of issuing liquidation instructions fifteen days after the publication of final results of an administrative review]

Dated: October 25, 2013

*Herbert C. Shelley*, Steptoe & Johnson LLP, of Washington, DC, for plaintiffs.  With him on the brief were *Alice A. Kipel* and *Laura R. Ardito*.

*L. Misha Preheim*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.  With him on the brief were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Claudia Burke*, Assistant Director.  Of counsel on the brief was *Shana Hofstetter*, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of Washington, DC.

*Geert M. De Prest*, Stewart and Stewart, of Washington, DC, for defendant-intervenor.  With him on the brief was *Terence P. Stewart*.

Stanceu, Judge: Plaintiffs SKF USA Inc., SKF France S.A., SKF Aerospace France S.A.S., SKF Industrie S.p.A., Somecat S.p.A., SKF GmbH, and SKF (U.K.) Limited (collectively, "SKF") contest the final determination ("Final Results") issued by the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department"), in the twentieth administrative reviews of antidumping orders on imports of ball bearings and parts thereof ("subject merchandise") from France, Germany, Italy, Japan, and the United Kingdom for the period May 1, 2008 through April 30, 2009 ("period of review").  Compl. ¶ 1 (Sept. 15, 2010), ECF No. 2; *see Ball Bearings and Parts Thereof From France, Germany, Italy, Japan, and the United Kingdom: Final Results of Antidumping Duty Administrative Reviews, Final Results of Changed-Circumstances Review*, and *Revocation of an Order in Part*, 75 Fed. Reg. 53,661 (Sept. 1, 2010) ("*Final Results*").  Plaintiffs challenge the Department's use of the zeroing methodology in the twentieth administrative reviews to determine SKF's weighted-average dumping margins.[1]  Compl. ¶¶ 31-35.  Plaintiffs also challenge the Department's policy, rule, or practice of issuing liquidation instructions to U.S. Customs and Border Protection ("Customs" or "CBP") fifteen days after the date on which the final results of a review are published (the "fifteen-day policy").  *Id.* ¶¶ 13-18.

Before the court is plaintiffs' motion for judgment upon the agency record, made pursuant to USCIT Rules 56.2 (for the claim challenging the use of zeroing in the *Final Results*)

---

[1] In their motion for judgment on the agency record, plaintiffs withdraw two of their four original claims: (1) that Commerce erred in deducting constructed export price ("CEP") profit from the U.S. sales price for all CEP sales, including sales of Somecat S.p.A. bearings exported by SKF (U.K.) Limited's SNFA operations, resulting in double-counting of profit, Compl. ¶¶ 19-22 (Sept. 15, 2010), ECF No. 2; and (2) that Commerce erred in using home market freight and packing expenses incurred by entities other than SKF Industrie S.p.A. and SKF France S.A. to cap home market freight and packing revenues charged by SKF Industrie S.p.A. and SKF France S.A., Compl. ¶¶ 23-30.  Br. in Supp. of SKF's Rules 56.1 and 56.2 Mot. for J. upon the Agency R. 1-2 (Oct. 7, 2011), ECF No. 52-1.

and 56.1 (for the claim challenging the fifteen-day policy).  Pls.' Mot. for J. upon the Agency R. Pursuant to Rules 56.1 and 56.2 (Oct. 7, 2011), ECF No. 52 ("Pls.' Mot.").  Opposing plaintiffs' motion are defendant United States and defendant-intervenor, the Timken Company ("Timken"), the petitioner in the original investigation.  Def.'s Opp'n to Pls.' Mot. for J. upon the Agency R. (Dec. 6, 2011), ECF No. 54 ("Def.'s Opp'n"); Resp. Br. of the Timken Co. Opposing the Rule 56.2 Mot. of SKF USA Inc., et al. (Dec. 6, 2011), ECF No. 55 ("Def.-intervenor's Opp'n").

For the reasons stated herein, the court determines that plaintiffs are not entitled to relief on their claim challenging the Department's use of zeroing.  The court also determines that plaintiffs are entitled to a declaratory judgment on their claim that the fifteen-day policy is unlawful as applied to plaintiffs in the effectuation of the *Final Results*.

## I. BACKGROUND

Commerce initiated the twentieth administrative reviews on June 24, 2009.  *Initiation of Antidumping and Countervailing Duty Admin. Reviews and Requests for Revocation In Part*, 74 Fed. Reg. 30,052 (June 24, 2009).  On April 28, 2010, Commerce published its preliminary determination.  *Ball Bearings and Parts Thereof From France, Germany, Italy, Japan, and the United Kingdom: Preliminary Results of Antidumping Duty Admin. Reviews, Preliminary Results of Changed-Circumstances Review, Rescission of Antidumping Admin. Reviews In Part, and Intent To Revoke Order In Part*, 75 Fed. Reg. 22,384 (Apr. 28, 2010).  On September 1, 2010, Commerce published the *Final Results*, which stated the Department's intent to issue liquidation instructions to Customs fifteen days after that publication date.  *Final Results*, 75 Fed. Reg. at 53,663.

On September 15, 2010, plaintiffs filed their summons, Summons, ECF No. 1, and complaint, Compl. 1, and on October 7, 2011, plaintiffs moved for judgment on the agency

record, Pls.' Mot. 1.  Defendant and defendant-intervenor filed responses to this motion on December 6, 2011.  Def.'s Opp'n 1; Def.-intervenor's Opp'n 1.

On June 4, 2012, the court ordered this action stayed until thirty days after the final resolution of all appellate proceedings in *Union Steel v. United States*, CAFC Court No. 2012-1248, which involved a claim challenging the Department's use of zeroing in an administrative review of an antidumping duty order similar to the zeroing claim presented in this action.  Order, ECF No. 67.

On April 16, 2013, the Court of Appeals for the Federal Circuit ("Court of Appeals") issued its decision in *Union Steel*, affirming the Department's use of zeroing in an administrative review.  *Union Steel v. United States*, 713 F.3d 1101, 1103 (Fed. Cir. 2013).  Pursuant to the court's Order, the stay expired on July 10, 2013.

## II. DISCUSSION

### A. Jurisdiction and Standards of Review

Section 201 of the Customs Courts Act of 1980 grants this court subject matter jurisdiction over this action.  28 U.S.C. § 1581(c) (for the claim challenging the use of zeroing), 1581(i) (for the claim challenging the fifteen-day policy).[2]  For plaintiffs' claim contesting the *Final Results*, the court is directed to "hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law."  *See* Tariff Act of 1930 ("Tariff Act") § 516A, 19 U.S.C. § 1516a(b)(1).  For plaintiffs' claim challenging the fifteen-day policy, the court must "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of

---

[2] All statutory citations herein are to the 2006 edition of the U.S. Code.

discretion, or otherwise not in accordance with law." Administrative Procedure Act ("APA") § 706(2), 5 U.S.C. § 706(2); 28 U.S.C. § 2640(e).

### B. Plaintiffs Are Not Entitled to Relief on their Claim Challenging the Use of Zeroing

Plaintiffs challenge the Department's use of zeroing to calculate SKF's weighted-average dumping margins in the twentieth administrative reviews. Br. in Supp. of SKF's Rules 56.1 and 56.2 Mot. for J. upon the Agency R. 11 (Oct. 7, 2011), ECF No. 52-1 ("Pls.' Br."). To calculate a weighted-average dumping margin in an administrative review, Commerce determines both the normal value and the export price ("EP"), or, if the EP cannot be determined, the constructed export price ("CEP"), for the subject merchandise under review. Tariff Act § 751, 19 U.S.C. § 1675(a)(2)(A)(i). Commerce then determines a dumping margin by calculating the amount by which the normal value exceeds the EP or CEP. *Id.* §§ 1675(a)(2)(A)(ii), 1677(35)(A). When Commerce determines a dumping margin using zeroing, as it did in the twentieth administrative reviews, it assigns a value of zero, not a negative margin, where the normal value is less than the EP or CEP. *Union Steel*, 713 F.3d at 1104. Finally, Commerce aggregates these margins to calculate a weighted-average dumping margin. 19 U.S.C. § 1677(35)(B).

In *Union Steel*, the Court of Appeals affirmed the Department's use of zeroing in circumstances analogous to those presented by this case. *Union Steel*, 713 F.3d at 1103. The court considers *Union Steel* dispositive of the zeroing claim raised in this action and sustains the Department's use of zeroing in the Final Results.

### C. Plaintiffs Are Entitled to a Declaratory Judgment on the Department's Fifteen-Day Policy

In the *Final Results*, Commerce stated its intention to "issue liquidation instructions to CBP 15 days after publication of these final results of reviews." *Final Results*, 75 Fed. Reg. at 53,663. Plaintiffs' remaining claim challenges the Department's application of this fifteen-day

policy with respect to SKF. Pls.' Br. 5. Plaintiffs ask this court to find, either under collateral estoppel or on the merits, that the Department's application of the fifteen-day policy was unlawful. Pls.' Br. 6-8. Despite this policy, plaintiffs successfully obtained an injunction preventing liquidation of their subject merchandise. *See* Order (Sept. 21, 2010), ECF No. 13 (granting consent motion for preliminary injunction). Therefore, the only relief available is a declaratory judgment that the fifteen-day policy was contrary to law as applied to plaintiffs.

Plaintiffs argue that the Department's choice of a fifteen-day liquidation timeline was unlawful because the Department failed to show that it had "considered any alternatives to or any relevant factors competing with the time deadline set by 19 U.S.C. § 1504(d)," including the ability of parties to seek meaningful judicial review. Pls.' Br. 2, 6. Plaintiffs also argue that the fifteen-day policy "unacceptably burdens and causes injury to SKF[] and is arbitrary and capricious." *Id.*

Plaintiffs' collateral estoppel argument relies on this Court's previous determinations that the fifteen-day policy was unlawful as applied to SKF upon completion of one or more administrative reviews of the antidumping duty orders at issue in this action. *Id.* at 6, 7. This Court's decision regarding the nineteenth administrative reviews held that Commerce failed to provide adequate reasoning for its decision to apply its fifteen-day policy to SKF, concluding as follows:

> Commerce offers nothing beyond an unsupported conclusion that the 15-day rule is reasonable and a recitation of language from a prior decision of this court. Missing is any reasoned discussion of the Department's weighing of the competing factors that must inform a decision to allow only fifteen days for the filing of the summons, complaint, motion for injunction, and, should consent to an injunction not be forthcoming, an application for a temporary restraining order. While pointing to the six-month deemed liquidation period as the reason for the 15-day rule, the Decision Memorandum offers no explanation of why the Department decided to afford Customs all but fifteen days of that period in order to accomplish the liquidation of entries.

*SKF USA Inc. v. United States*, 35 CIT __, __, 800 F. Supp. 2d 1316, 1328 (2011) (citations omitted).  This court awarded a declaratory judgment that the application of the fifteen-day policy to SKF's subject merchandise in the nineteenth administrative reviews was contrary to law.  *Id.*

According to the collateral estoppel doctrine, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citation omitted).  Collateral estoppel applies in this instance because the Department's rationale for implementing the final results of the twentieth administrative reviews according to its fifteen-day policy does not differ materially from the reasoning the court found inadequate as to the nineteenth administrative reviews.  *Compare SKF USA Inc.*, 35 CIT at __, 800 F. Supp. 2d at 1328, *and* Issues & Decision Mem., A-100-001, ARP 04-09, at 30 (Sept. 1, 2010) (Admin.R.Doc No. 1423), *available at* http://enforcement.trade.gov/frn/summary/MULTIPLE/2010-21839-1.pdf (last visited Oct. 21, 2013) ("*Decision Mem. (AR 20)*"), *with* Issues & Decision Mem., A-100-001, ARP 04-08, at 12 (Aug. 25, 2009), *available at* http://enforcement.trade.gov/frn/summary/multiple/E9-20980-1.pdf (last visited Oct. 21, 2013) ("*Decision Mem. (AR 19)*").

In this case, Commerce offered the same three reasons in support of its fifteen-day policy that it offered for the nineteenth administrative reviews.  With respect to both the nineteenth and twentieth sets of administrative reviews, Commerce described its policy as "based upon administrative necessity" due to the holding in *International Trading Co. v. United States*, 281 F.3d 1268 (Fed. Cir. 2002), that the six-month period for liquidation of entries by Customs

established by 19 U.S.C. § 1504(d) begins from the publication of the final results of an administrative review.[3] *Decision Mem. (AR 20)* 30; *Decision Mem. (AR 19)* 12.  Both times, Commerce stated that "[e]xtreme consequences follow from deemed liquidation, specifically the government's inability to collect duties calculated."  *Decision Mem. (AR 20)* 30; *Decision Mem. (AR 19)* 12.  In each instance, Commerce also stated that its revised fifteen-day policy, which followed its previous policy of issuing liquidation instructions *within* fifteen days of publication of final results, accords with this Court's decision, which pertained to the sixteenth administrative reviews, that the right provided in 19 U.S.C. § 1516a(c)(2) implies "some reasonable opportunity in which a plaintiff may seek to obtain the specific type of injunction described" in the statute.  *Decision Mem. (AR 20)* 30; *Decision Mem. (AR 19)* 12 (both citing *SKF Inc. v. United States*, 33 CIT 370, 385, 611 F. Supp. 2d 1351, 1364 (2009)).

      The remaining discussion of the fifteen-day policy in the Decision Memoranda for both the twentieth and nineteenth administrative reviews focuses on refuting arguments made by SKF.  These two very similar discussions do not provide a basis on which the court could conclude that the issue decided in the nineteenth administrative reviews is different from the issue presented by this case.

      In summary, Commerce provided a rationale for applying its fifteen-day policy to implement the twentieth administrative reviews that is not distinguishable in any material way from the one it offered to support the application of the policy in the nineteenth administrative

---

[3] Under Section 504(d)(2) of the Tariff Act, 19 U.S.C. § 1504(d), an entry is generally treated as liquidated at the "duty, value, quantity, and amount of duty asserted by the importer of record" if not liquidated within six months of the date Customs and Border Protection receives notice from the Department of Commerce or other appropriate agency, or a court with jurisdiction over the entry, that suspension of liquidation required by statute or court order has been removed.

reviews. As a result, the issue litigated by the parties in this action already has been considered and decided by this Court in a previous case that culminated in a declaratory judgment in favor of plaintiffs. The court therefore declines, on the basis of collateral estoppel, to consider the merits of defendant's argument in support of the fifteen-day policy as applied to implement the twentieth administrative reviews and will award plaintiffs declaratory relief.

### III. CONCLUSION

For the reasons discussed above, the court denies plaintiffs' request for relief on their claim challenging the use of zeroing in the *Final Results*. With respect to their second claim, plaintiffs are entitled to a declaratory judgment that the Department's fifteen-day policy was contrary to law as applied to them. Judgment will be entered accordingly.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: October 25, 2013
       New York, New York